Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1521 | **DATE** | 12/9/2004 |
| **CASE TITLE** | Childress vs. National Railroad Passenger Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, defendant's motion to dismiss the plaintiff's complaint is denied. Enter Memorandum Opinion and Order. Defendant is given leave to 1/6/05 to answer the complaint. Status hearing set for 1/20/05 at 9:00 a.m. for scheduling for trial.

(11) ■ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 10 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | JXM | 15 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ROBERT E. CHILDRESS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 04 C 1521 |
| v. | ) |
| | ) Judge John W. Darrah |
| **NATIONAL RAILROAD PASSENGER** | ) |
| **CORPORATION, d/b/a/ AMTRAK,** | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Robert Childress, filed a negligence suit against the Defendant, National Railroad Passenger Corporation, d/b/a/ Amtrak ("Amtrak"), pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51 ("FELA"). Presently before the Court is Amtrak's Motion to Dismiss.

## BACKGROUND

A reading of Plaintiff's First Amended Complaint supports the following summary of the alleged operative conduct of the parties.

On or about March 17, 2001, Childress was working as a dining car steward on Amtrak's California Zephyr passenger train. At about midnight, the train derailed at or near Nodaway, Iowa, while using tracks owned by Burlington Northern Santa Fe Railway Company ("BNSF"). The derailment was caused by BNSF's negligent replacement of defective rail with rail that had previously been removed because it was defective. Amtrak had contracted with BNSF to maintain the right of way and to maintain the railroad tracks on which the California Zephyr was traveling on March 17, 2001. Pursuant to this contract, BNSF was the agent of Amtrak within the meaning of FELA § 51.

Childress was seriously injured as a result of this derailment, suffering disability and physical pain, resulting in past and future medical expenses and lost wages due to his injury and his present disability preventing his ability to work.

Childress alleges that Amtrak is liable to him for his damages for its negligence and the negligence of its agent, BNSF. Childress alleges that Amtrak had a non-delegable duty to provide a safe work place for Childress; that Amtrak failed to provide a safe work place, failed to use reasonably safe methods in its train operations, failed to issue a slow order to the train crew, failed to establish effective communications with the crew of Plaintiff's train, failed to inspect and maintain the roadbed and tracks, and failed to adequately supervise and monitor BNSF's maintenance of the right of way; and that this failure caused Childress's injuries. Contrarily, Amtrak argues that Childress has failed to state a claim for which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). Amtrak has moved to dismiss Childress's claim for vicarious liability of BNSF's negligence, contending that BNSF is not its agent within the meaning of FELA because BNSF has the sole duty to maintain the tracks pursuant to 49 C.F.R. § 700.2(d); and, therefore, Amtrak is not liable for any negligence of BNSF.

## ANALYSIS

In reviewing a motion to dismiss, the court considers all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Dismissal is warranted if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Vill. of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

Section 51 of FELA provides in pertinent part:

> Every common carrier by railroad . . . shall be liable in damages to any person suffering injury while he is employed by such carrier . . . for such injury . . . resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its . . . track, . . . or other equipment.

45 U.S.C. § 51. For purposes of FELA, an "agent" has a broad meaning. *Schroeder v. Pennsylvania Railroad Company v. Willett Company*, 397 F.2d 452, 458 (7th Cir. 1968). The Supreme Court in *Sinkler v. Missouri Pacific Railroad Company* construed the meaning of the term "agents" as used in the statute: "When a railroad employee's injury is caused in whole or in part by the fault of the others performing, under contract, operational activities of his employer, such others are 'agents' of the employer within the meaning [of FELA]." *Schroeder*, 397 F.2d at 458 (quoting *Sinkler*, 356 U.S. 326, 331 (1958)); *Austin v. Soo Line Railroad Co.*, 1996 WL 539123 *3 (N.D.Ill.). Likewise, "operational activities" also has a broad meaning under FELA. *Austin*, 1996 WL 539123 at *3.

FELA "is meant to provide a broad remedial framework for railroad workers and, in light of that purpose, is to be liberally construed in their favor." *Lisek v. Norfolk & Western Railway Company*, 30 F.3d 823, 831 (7th Cir. 1994), *cert. denied*, 115 S.Ct. 904 (1995) *(citing Atchison, Topeka, & Santa Fe Railway Company v. Buell*, 480 U.S. 557, 562 (1987)); *Fulk v. Ill. Central Railroad Company*, 22 F.3d 120, 124 (7th Cir. 1994). A plaintiff's burden of proof under FELA is significantly lower than in a regular negligence case. *DiBiaso v. Ill. Central Railroad*, 52 F.3d 678

(7th Cir. 1995), *cert. denied*, 116 S.Ct. 1040 (1996). However, because FELA is not a strict liability statute, plaintiffs must still prove traditional common law elements of negligence. *Fulk*, 22 F.3d at 124.

To state a claim of negligence in Illinois, a plaintiff must allege that: (1) the defendant owed a duty to the plaintiff; (2) a breach of that duty; (3) that the breach was the proximate cause of the plaintiff's injuries; and (4) that the plaintiff did, in fact, suffer damages. *Adams v. Northern Illinois Gas Company*, 211 Ill.2d 32, 43 (2004).

As demonstrated above, Childress has sufficiently pled a claim for negligence under FELA. Childress has pled that Amtrak, a common carrier, is liable for the injuries sustained by Childress, an employee who was working as such at the time of the train derailment, and that such derailment was caused in whole or in part by the negligence of Amtrak and/or Amtrak's agent.[1] This is all that is required under § 51 of FELA.

Childress has also sufficiently pled a claim for negligence under Illinois common law. Specifically, Childress has alleged that: (1) Amtrak had a non-delegable duty to provide a safe working place for Childress under FELA; (2) Amtrak and its agent[2], for which Amtrak is liable, breached this duty in multiple ways[3]; (3) such negligence was the proximate cause of the train's

---

[1] Amtrak's argument that it has no duty as a matter of law to maintain the tracks and, thus, is not liable for any of the alleged negligence of BNSF requires the Court to strike words or phrases from the First Amended Complaint. Such relief is inappropriate at this stage of the litigation.

[2] While Amtrak contends that BNSF is not an agent, this contention goes towards the merits of the claim, which is displaced at the motion to dismiss stage.

[3] Childress alleges ten additional breaches by Amtrak and/or its agent, BNSF, which is further evidence that Childress has sufficiently stated a claim.

derailing and Childress's becoming injured; and (4) Childress did, in fact, suffer damages as a result of Amtrak's direct or imputed negligence.

## CONCLUSION

For the reasons stated above, the Defendant's Motion to Dismiss the Plaintiff's Complaint is denied.

Dated: December 9, 2004

JOHN W. DARRAH
United States District Judge